Filed 12/16/13  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058245 |
| v. | (Super.Ct.No. FVI1202684) |
| ANTHONY GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric N. Nakata, Judge.  Affirmed.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On the evening of October 12, 2012, the victim went to a party at her friend

---

[1] Defendant stipulated the factual basis for his plea was contained within the police report, the preliminary hearing, and the information; thus, we take our facts from those sources.

William Bishop's residence with her brother, sister, and another friend. Around 10 people were at the party; they were drinking for several hours and playing drinking games. At some point during the evening Bishop cut off the victim's consumption of alcohol because he believed she had drank too much; he carried her to his bedroom where he placed her on the bed.

The victim testified she was intoxicated and fell asleep. She awoke to find defendant having sexual intercourse with her; her pants were down to her ankles. Her brother walked into the bedroom. Defendant began digitally penetrating the victim. The victim informed defendant she had to check on her brother; she got up and walked out of the bedroom.

The victim's brother informed law enforcement he had walked into the bedroom and saw defendant lying on the bed with the victim manipulating her vagina with his fingers. The victim's brother left the room upset because he initially believed the encounter was consensual. However, the victim later advised him she had been sexually assaulted. He tried to go back to the apartment to confront defendant, but the door was locked.

Bishop informed the investigating officer he worked with the defendant and invited him to the party. He said the victim was intoxicated and he had offered her his room for her to lie down. Once Bishop found out what had happened to the victim, he attempted to return to his apartment, but the front door was locked. Defendant had apparently fled out the back door.

The victim testified she had never before met defendant; the only prior contact she had had with defendant was greeting him earlier that evening. After she left the bedroom, she informed her brother and sister what had happened; she then went home. The next day she went to the hospital where a nurse conducted a sexual assault examination on her.

After waiving his *Miranda*[2] rights, defendant informed an investigating officer he had been invited to the party by Bishop. He drank, played drinking games, and later went into Bishop's bedroom where he saw the victim passed out on the bed. Defendant did not know the victim. Defendant said he laid down on the bed next to the victim, tapped her, cuddled her, talked to her, kissed her, and fingered her. Defendant believed the encounter was consensual and denied any penile penetration.

On November 7, 2012, the People filed an information charging defendant with rape of an unconscious person (count 1 – Pen. Code, § 261, subd. (a)(4))[3] and sexual penetration with a foreign object (count 2 -- § 289, subd. (d)). On January 10, 2013, defendant pled guilty to the count 2 offense in return for an agreed upon three-year probationary term requiring, among other terms, service of 365 days in jail, lifetime registration as a sexual offender, and submission to an HIV test. As part of the taking of defendant's plea, the court asked defendant, "Do you understand that in addition to any other punishment, that you will be required to pay a mandatory restitution fine of not less

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

[3] All further statutory references are to the Penal Code.

than $280 nor greater than $10,000, and subject to a penal fine of up to $10,000." As part of his plea, defendant waived any right to appeal the judgment in his case. The court dismissed count 1.

The probation report prepared in advance of defendant's sentencing recommended a probationary term requiring defendant pay a $280 restitutionary fee. On February 7, 2013, the court sentenced defendant to three years probation with credit for 116 days. The court ordered defendant pay a mandatory restitution fine of $280 pursuant to section 1202.4, subdivision (b)(1).[4] On March 12, 2013, defendant filed the instant appeal from "the Conviction and Sentence against him . . . ."

DISCUSSION

After defendant filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potentially arguable issue: whether the trial court abused its discretion in imposing a mandatory restitution fine of $280, rather than $240 which was the operative minimum fine effective on the date of the offense to which defendant pled.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an

_____

[4] Prior section 12022.4, subdivision (b)(1), effective on the date defendant committed the offense to which he pled, required a minimum restitution fee of $240. That section was changed effective January 1, 2013, to require a minimum, mandatory fee of $280.

independent review of the record and find no arguable issues. (*People v. White* (1997) 55 Cal.App.4th 914, 917 [Failure to object to amount of restitution forfeits any contention on appeal fine was violative of ex post facto principles.].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

RICHLI

J.

5