Filed 10/22/20  P. v. Alejandre CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>JOSIE JASMINE ALEJANDRE,<br><br>   Defendant and Appellant. | 2d Crim. No. B300166<br>(Super. Ct. No. 1481234)<br>(Santa Barbara County) |

Josie Jasmine Alejandre appeals the judgment entered after she pleaded no contest to selling or transporting a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and admitted the crime was committed for the benefit of a criminal street gang (Pen. Code,[1] § 186.22, subd. (b)(1)).  The trial court placed her on three years of probation with the condition that she serve 270 days in county jail.  The court also ordered appellant to pay various fines, fees and assessments, including a $30 court

---

[1] All statutory references are to the Penal Code unless otherwise stated.

facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), a $300 restitution fine (§ 1202.4), a $205 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5), a $615 drug program fee (*id.*, § 11372.7), and a $1,375 probation report preparation fee (§ 1203.1b).  Appellant contends the court erred in imposing these fines, fees and assessments without first determining whether she had the ability to pay them.  We affirm.

## FACTS AND PROCEDURAL HISTORY

Because the appeal does not raise any issue regarding the facts of the underlying offense, we do not include the customary statement of facts.  (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)  Prior to entering her no contest plea in September 2016, appellant signed a felony plea form.  A section of the form entitled "Restitution, Statutory Fees, and Assessments" states that "I understand that the court will order me to pay the following amounts (if an amount is not yet known, 'TBD' for 'to be determined' is entered next to the $); I must prepare financial disclosure statements to assist the court in determining my ability to pay; and refusal or failure to prepare the required financial disclosure statements may be used against me at sentencing."  "TBD" was listed next to all of the fines and fees itemized in the plea form.  Appellant signed next to the section to acknowledge her agreement to its terms.

In a presentence report, appellant stated she was "willing to comply with all terms set forth by the Court and is hopeful she will be able to reside in the state of Arizona."  In June 2018 appellant had moved to Arizona and was receiving treatment for cancer.  Appellant was not currently employed due to her medical issues, but received $700 in death benefits for her three children.  The report also stated that "[appellant's] family provides additional financial support."  Under a section entitled "Ability to

Pay Fine/Restitution/Probation Fees," the report states that "[b]ased on the financial information provided by [appellant]" she had the ability to pay "$30 per month toward the total cost of probation services." The report goes on to state that "[appellant] was informed of her right to a Court hearing . . . for the Court to determine her ability to pay probation fees. The 'ability to pay' determination is relevant to the booking fee (which is a condition of probation), as well as [the] assessments set forth [in] the probation order. [Appellant] did not waive that right. [¶] *Once [appellant] submits the proper paperwork, an ability to pay hearing will be calendared.*" (Italics added.)

The proposed sentencing and probation order provided that appellant was to pay an undetermined amount of booking fees "[b]ased on ability to pay." The proposed order further provided that appellant was to pay a $900 restitution fine pursuant to section 1203.1 (number 8), a $900 probation revocation fine which was stayed pending the successful completion of probation, a $205 criminal laboratory analysis fee, and a $615 drug program fee. An attachment listing additional assessments provided that appellant would be required to pay $90 a month for the costs of probation supervision, $1,375 for the costs of probation investigation, a $30 court facilities assessment, a $40 court operations assessment.

At the sentencing hearing, defense counsel stated: "As far as the actual monetary fines[,] I would ask the court to stay the fines–number 8–because she does not have the ability [to pay]. She's barely making it as she goes. She doesn't qualify for programs because of the type of conviction that she has. And as to the ongoing probation fees of $90 a month and $1,300 [*sic*] for the preparation of the report, I would ask that those be stayed or waived at this time because, again, she doesn't have that . . . ."

3

In sentencing appellant, the court stated that it was waiving any booking fees and reduced the restitution and corresponding probation revocation fines to $300. The court also reduced the monthly fee for the costs of probation from $90 to $30. All of the other proposed fees and assessments were imposed as stated in the order. The order also states that appellant was to "be assessed regarding his/her financial ability to pay probation fees as determined by the Probation Officer."

## DISCUSSION

Appellant contends the trial court erred in ordering her to pay a $30 court facilities assessment, a $40 court operations assessment, a $300 restitution fine, a $205 criminal laboratory analysis fee, a $615 drug program fee, and a $1,375 probation report preparation fee without first determining whether she had the ability to pay them. We are not persuaded.[2]

---

[2] We reject the People's assertion that the appeal must be dismissed for lack of jurisdiction pursuant to section 1237.2. That section provides that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessment, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." Although appellant did not object at sentencing to all of

Appellant did not object to the $30 court facilities assessment, the $40 court operations assessment, the $205 criminal laboratory analysis fee, or the $615 drug program fee. She merely objected to the proposed $900 restitution and probation revocation fines, the $1,375 probation report preparation fee, and the proposed monthly probation costs of $90. Moreover, *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which held that court facility and court operations assessments and the statutory minimum $300 restitution fine cannot be imposed absent a finding of the defendant's ability to pay, was decided before the sentencing hearing in this case. Accordingly, appellant forfeited her right to challenge the assessments, the criminal laboratory analysis fee, and the drug program fee. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126; 1153-1155; *People v. Avila* (2009) 46 Cal.4th 680, 728-729.)

Appellant also forfeited her right to challenge the $1,375 probation report preparation fee. Although section 1203.1b provides that appellant had a right to a hearing on her ability to pay the fee, the probation report made clear that such a hearing would have been calendared with regard to both the probation report preparation fee and the court facilities and court operations assessments if appellant had "submit[ted] the proper paperwork," i.e, financial disclosure statements. As the People note, the record does not establish that appellant complied with this requirement. Moreover, appellant did not object to the deprivation of a hearing regarding her ability to pay. "The

the fines, fees and assessments she challenges on appeal, she did object to the restitution fine and probation report preparation fee on the ground that she lacked the ability to pay them. Accordingly, section 1237.2 does not apply here.

5

burden [is] on the defendant to assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal." (*People v. Trujillo* (2015) 60 Cal.4th 850, 858.)

Finally, we reject appellant's claim that the court erred in imposing a $300 restitution fine without first determining her ability to pay. The court initially proposed a $900 fine, but reduced the fine to $300 after appellant raised the issue of her ability to pay. The court thus effectively found that appellant had the ability to pay the $300 fine. Moreover, in her felony plea form appellant acknowledged her understanding that she was required to "prepare financial disclosure statements to assist the court in determining [her] ability to pay" and that her "refusal or failure to prepare the required financial disclosure statements may be used against [her] at sentencing." Because appellant apparently did not prepare financial disclosure statements, she cannot be heard to complain that the court failed to to adequately determine whether she had the ability to pay the $300 restitution fine.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.          YEGAN, J.

6

Gustavo Lavayen, Judge
Superior Court County of Santa Barbara

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.