Filed 9/24/21

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | B306301 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA058263) |
| v. | |
| JOSE ALEX MENDEZ, | |
| Defendant and Appellant. | |


     APPEAL from an order of the Superior Court of Los Angeles County.  Cynthia L. Ulfig, Judge.  Reversed and remanded with directions.

     Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

     Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Michael R. Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jose Alex Mendez appeals the denial of a recommendation by the secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his sentence under Penal Code[1] section 1170, subdivision (d)(1).  Appellant contends the trial court abused its discretion by failing to adequately weigh his postconviction record and affording him no opportunity to be heard regarding the recommendation by the CDCR to recall his sentence.

The California Code of Regulations requires the secretary to provide a copy of the recommendation letter and Cumulative Case Summary to the inmate (Cal. Code Regs., tit. 15, § 3076.1, subd. (e)(2)), and in this case, the secretary also provided copies of the abstract of judgment and minute orders, along with the recommendation letter and Cumulative Case Summary to the Los Angeles County District Attorney's Office and the Los Angeles County Public Defender's Office.  There is no indication in the record, however, that the trial court gave the parties notice or an opportunity to present additional information relevant to the court's decision.  In view of the substantial liberty interest at stake when the secretary issues a recommendation to recall an inmate's sentence, we reverse and remand the matter to the trial court to give notice to the parties, to allow the parties the opportunity to supplement the CDCR's recommendation with additional relevant information, and to enable the trial court to exercise its discretion whether to recall appellant's sentence in light of such information as well as any briefing the parties might choose to submit.

---

[1] Undesignated statutory references are to the Penal Code.

# PROCEDURAL[2] BACKGROUND

Appellant was convicted by a jury in November 2008 of 12 counts of second degree robbery (§ 211) and one count of attempted second degree robbery (§§ 664/211), with personal weapon use enhancement findings as to 12 of the 13 counts (§ 12022.53, subd. (b)). The trial court sentenced appellant to 13 years 8 months on the 13 counts of conviction plus 46 years 8 months on the weapon enhancements, for a total term of 60 years 4 months in prison. This court rejected appellant's claim on appeal that the sentence was excessive and affirmed the judgment in *People v. Mendez* (Jul. 21, 2010, B214453 [nonpub. opn.]).

By letter to the Los Angeles County Superior Court dated August 14, 2019, the secretary of the CDCR recommended a recall of appellant's sentence and resentencing in accordance with section 1170, subdivision (d). The letter was marked "received" in Department 30 on August 27, "received" in Department L on October 1, 2019, and filed in the superior court on October 15, 2019.

In the letter, the secretary noted that appellant's sentence included numerous weapon enhancements under section 12022.53, subdivision (b), which were mandatory at the time of appellant's sentencing. However, pursuant to the amendment to section 12022.53, subdivision (h), effective January 1, 2018, "courts are now empowered with discretion to strike or dismiss a personal use firearm enhancement at sentencing or resentencing

---

[2] Because this appeal raises no issues concerning the facts of the underlying offenses, we omit a statement of facts. (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

3

pursuant to PC Section 1170, subdivision (d), in the interest of justice pursuant to PC Section 1385." Enclosed with the letter were the abstract of judgment, minute orders, the charging documents, and a cumulative case summary. Based on the secretary's review of those documents, the secretary "recommend[ed] the inmate's sentence be recalled and that he be resentenced."

In a written order dated October 16, 2019, the trial court rejected the secretary's request for recall and resentencing. The court stated it had reviewed the court file, the documents enclosed with the letter, and the reasons for the secretary's recommendation, including appellant's record of good conduct while in prison. The court then summarized appellant's criminal history[3] and his current offenses. The trial court concluded that "[b]ased on the facts of the commitment offenses plus his prior arrest history the defendant is clearly a danger to the community. The request pursuant to PC 1170(d) therefore is denied."

## DISCUSSION

A. *Governing Law and the Standard of Review*

Section 1170, subdivision (d)(1) was enacted in 1976 as part of California's Determinate Sentencing Act, which marked the state's transition from an indeterminate to a determinate sentencing system. (*People v. McCallum* (2020) 55 Cal.App.5th

---

[3] According to the trial court, appellant's prior criminal history included an arrest at the age of 18 for assault with a firearm—prosecution declined, another arrest 18 months later for attempted murder—case dismissed, and a felony conviction for which he was placed on formal probation. While on probation he committed the current offenses.

4

202, 210 (*McCallum*); *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) The subdivision operates as "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun" (*Dix*, at p. 455) by authorizing a court to recall the defendant's sentence "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary of the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced." (§ 1170, subd. (d)(1); *People v. Frazier* (2020) 55 Cal.App.5th 858, 863 (*Frazier*); *McCallum*, at p. 210.)

"In deciding whether to recall a sentence under section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' (*Dix*, *supra*, 53 Cal.3d at p. 456.)" (*McCallum*, *supra*, 55 Cal.App.5th at p. 210.) After recalling the sentence, the court may "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d)(1).) The court must also "apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing" and grant credit for time served. (§ 1170, subd. (d)(1).)

The Legislature has amended section 1170, subdivision (d)(1) numerous times. In particular, the 2018 amendments permit courts to modify judgments and consider postconviction factors, by adding the following language: "The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a

judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (Stats. 2018, ch. 36, § 17; *McCallum*, *supra*, 55 Cal.App.5th at p. 210.)

The denial of a CDCR recommendation to recall a sentence is appealable. (§ 1237, subd. (b) [appeal lies from "any order made after judgment, affecting the substantial rights of the party"]; see *People v. Loper* (2015) 60 Cal.4th 1155, 1158, 1163; *McCallum*, *supra*, 55 Cal.App.5th at pp. 210, 211, fn. 7.) We review the trial court's decision not to recall an inmate's sentence for abuse of discretion and will not disturb the ruling absent a showing that " ' " 'the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*People v. Miracle* (2018) 6 Cal.5th 318, 346–347; *McCallum*, at p. 211.)

B. *Due Process Requires that the Sentencing Court Give the Parties Notice of the CDCR's Recommendation for Recall and Resentencing and an Opportunity to Submit Briefing and Additional Information Relevant to the Recommendation Before Ruling on the Sentence Recall Request*

The regulations enacted to implement section 1170, subdivision (d)(1)'s recall and resentencing authorization require that the recommendation letter and Cumulative Case Summary

"be forwarded to the sentencing court and a copy shall be provided to the inmate." (Cal. Code Regs., tit. 15, § 3076.1, subd. (e)(2).) But section 1170, subdivision (d)(1) itself contains no guidance to the trial court on providing notice of the CDCR's recommendation to the parties, and the statute is silent with regard to the parties' rights to be heard on the merits of the recommendation. (*People v. Williams* (2021) 65 Cal.App.5th 828, 833 (*Williams*).)

Several courts have considered what, if any, due process rights are implicated by the issuance of a CDCR recall and resentencing recommendation. In *McCallum, supra*, 55 Cal.App.5th 202, after examination of the statutory language of section 1170, subdivision (d)(1) in the context of section 1170 as a whole, our colleagues in Division Seven concluded that an inmate has no due process right to a hearing under section 1170, subdivision (d)(1) on the issue of whether the trial court should follow a CDCR recommendation for recall and resentencing. (*Id.* at pp. 206, 211–216.) However, in light of an inmate's "substantial right to liberty implicated by the secretary's recommendation to recall [the] sentence," Division Seven went on to conclude that the trial court had abused its discretion by rejecting the secretary's recommendation without affording the parties an opportunity to present briefing and additional information relevant to the recommendation. (*Id.* at pp. 206–207, 218–219.)

Shortly after its decision in *McCallum* Division Seven concluded that the secretary's filing of a letter recommending recall and resentencing triggers neither a right to a hearing nor any due process right to appointment of counsel. (*Frazier, supra*, 55 Cal.App.5th at pp. 866, 869.) While recognizing that a

summary refusal to follow the secretary's recommendation under section 1170, subdivision (d)(1) is appealable as a postjudgment order affecting the inmate's substantial rights, the court observed, "[T]he Sixth Amendment right to counsel at critical stages of a criminal proceeding through sentencing does not apply to postjudgment collateral challenges [citations], including statutory petitions seeking a more ameliorative sentence [citations], at least prior to the actual recall of sentence." (*Id*. at pp. 865–866.) In short, a CDCR recommendation does not trigger "any right to the recommended relief" (*id*. at p. 866), and "[t]here simply is no constitutional right to counsel or a hearing in connection with every postjudgment request with the potential to affect a substantial right" (*id*. at p. 867).

Finally, in *Williams*, *supra*, 65 Cal.App.5th 828, the People appealed after the trial court resentenced the defendant pursuant to section 1170, subdivision (d)(1) without holding a resentencing hearing. (*Id*. at p. 832.) *Williams* vacated the sentence and remanded to the sentencing court, holding that "before a trial court exercises its discretion pursuant to section 1170 of the Penal Code to recall a sentence and enter a reduced term, it must: (i) give the parties notice and an opportunity to be heard in accordance with the procedural guidelines we suggest; and (ii) set forth the reasons for its choice of sentence." (*Id*. at p. 831, fn. omitted.)

*Williams* declared, "It is axiomatic that due process requires the sentencing court to give the parties formal notice of CDCR's recommendation and the opportunity to be heard if the court is considering resentencing defendant." (*Williams*, *supra*, 65 Cal.App.5th at p. 833.) But the court observed that the California Code of Regulations requires only that the CDCR send

8

its recommendation to the sentencing court with a copy to the inmate. (*Ibid.*; Cal. Code Regs, tit. 15, § 3076.1, subd. (e)(2).) And even where the CDCR does provide notice to the district attorney and the public defender, "[r]eliance on CDCR to provide copies to the parties falls short of ensuring the parties' rights to notice and the opportunity to be heard are protected." (*Williams*, at p. 833.) *Williams*, however, followed *McCallum* and expressly limited the inmate's rights upon issuance of a CDCR recommendation to notice and an opportunity to be heard, holding that "[a] defendant is not entitled to a hearing on the issue whether the court should consider recalling his or her sentence in response to an equity-based CDCR recommendation." (*Williams*, *supra*, 65 Cal.App.5th at p. 834.)

In the instant case, the trial court gave the parties no notice of the secretary's recommendation, much less the court's intent to rule on it, and there is no indication the parties had any opportunity to supplement the recommendation with additional information or briefing. We agree with the courts in *Williams* and *McCallum* that, although the trial court was not required to hold a hearing in considering whether to recall appellant's sentence, it was bound to provide notice and consider any relevant information and/or briefing that the parties might submit before ruling on the CDCR recommendation.[4]

---

[4] In addition to the requirements of notice and opportunity to be heard, *Williams* imposed an "array of procedural requirements on the trial courts" (65 Cal.App.5th at p. 836 (conc. opn. of Menetrez, J.)) in those cases where the court might be inclined to recall an inmate's sentence for equitable reasons (*id.* at pp. 834–835 (maj. opn. of Ramirez, P. J.)). In such cases, the

9

(*McCallum, supra,* 55 Cal.App.5th at p. 217, citing *People v. Loper* (2015) 60 Cal.4th 1155, 1167, and *People v. Carmony* (2004) 33 Cal.4th 367, 375; *Williams, supra,* 65 Cal.App.5th at pp. 831, 833.)

---

trial court "should prepare and serve on counsel for the parties its tentative response to the recommendation along with copies of all correspondence with CDCR. [Citation.] The tentative ruling should state with particularity the reasons for its sentence choice and provide counsel a window of time within which to object and request a hearing. [Citations.] If defendant is not represented by counsel, the court should appoint (or reappoint) the public defender." (*Id.* at p. 834.) But as Justice Menetrez observed in a concurring opinion, the imposition of these procedural requirements was unnecessary to dispose of the issues before the court and exceeded the recommendations of the treatise upon which the majority exclusively relied. (*Williams*, at p. 836 (conc. opn. of Menetrez, J.); see Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2020) § 28:8, pp. 28-20 to 28-22.)

We do not read section 1170, subdivision (d)(1) to support the imposition of a whole new set of procedural requirements on a trial court before it has recalled the defendant's sentence. We therefore limit our agreement with *Williams* to its conclusion that upon receipt of a recall and resentencing recommendation by the CDCR, the trial court must provide the parties with notice and an opportunity to be heard. (See *McCallum, supra,* 55 Cal.App.5th at p. 215 ["[t]he question before us is not whether [defendant] has a right to be present at a resentencing hearing if the trial court determines his sentence should be recalled—he does—but whether the court must hold a hearing before determining whether to recall [his] sentence in the first place"—it does not].)

## DISPOSITION

The order denying the California Department of Corrections and Rehabilitation's recommendation to recall appellant's sentence is reversed. The matter is remanded to the trial court with directions to allow the parties to submit information relevant to the California Department of Corrections and Rehabilitation's recommendation and to provide briefing on whether the court should follow the recommendation. Upon receipt of this information, the court shall exercise its discretion whether to recall Mendez's sentence.

CERTIFIED FOR PUBLICATION.


                                        LUI, P. J.

We concur:



        ASHMANN-GERST, J.



        CHAVEZ, J.

11