Opinion
 

 HUFFMAN, J.
 

 In September 1991, as part of a plea bargain, Moses White, Jr., pled guilty to continuous sexual abuse of a child in violation of Penal Code
 
 [1]
 
 section 288.5, subdivision (a). He was sentenced to 16 years in prison with the execution of the sentence stayed pending a 5-year grant of probation.
 

 In July 1995 White’s probation was revoked and he was resentenced by stipulation to the middle term of 12 years. The court imposed a $100
 
 *916
 
 restitution fíne and ordered $789.66 in direct restitution to the victim. Both the fine and restitution ordered were to be paid from prison wages pursuant to section 2085.5.
 

 White has appealed. His appeal does not challenge his plea, the probation revocation, the sentence imposed or the amounts of the fine and restitution order. Remarkably, this appeal challenges, on constitutional grounds, the portion of the sentence which requires that the $789.66 be paid out of prison wages. The collection procedure, White argues, violates the prohibition against ex post facto legislation. We will find no violation and affirm.
 

 Discussion
 
 [2]
 

 At the time of the offense in this case White was subject to a restitution fine of up to $10,000. He was also subject to payment of direct restitution to the victim. (See Gov. Code, § 13967, as amended by Stats. 1986, ch. 1438, § 1, pp. 5140-5141, eff. Jan. 1, 1987.) At the time of the original sentencing, however, section 2085.5 only authorized the Director of Corrections to deduct restitution fines from prison wages.
 

 In 1994, amendments to sections 1202.4 (Stats. 1994, ch. 1106, § 3) and 2085.5, subdivision (b) (Stats. 1994, ch. 634, § 1), permitted the director to also deduct direct restitution payments from prison wages.
 

 White contends, for the first time on appeal, that the change in the law permitting deduction of restitution payments from his prison wages violates the ex post facto provisions of both the state and federal Constitutions. We disagree.
 

 In
 
 Collins
 
 v.
 
 Youngblood
 
 (1990) 497 U.S. 37, 42 [110 S.Ct. 2715, 2719, 111 L.Ed.2d 30], the court said “‘any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as
 
 ex post facto.'
 
 [Citation.]”
 

 The California Supreme Court has adopted the same definition of ex post facto under the California Constitution.
 
 (Tapia
 
 v.
 
 Superior Court
 
 (1991) 53 Cal.3d 282, 294 [279 Cal.Rptr. 592, 807 P.2d 434].)
 

 White recognizes the law at the time of this offense provided for direct restitution payments to victims, as well as a potential restitution fine
 
 *917
 
 of up to $10,000. Essentially, he argues the change in the law permitting the Director of Corrections to also deduct for direct restitution makes the punishment more burdensome. Or, viewed more cynically, such change makes it more likely he may actually have to pay some portion of the ordered restitution.
 

 First, we agree with the Attorney General that the issue is not properly before us on appeal. White raised no objection to either the amount or the manner of payment of direct restitution. Accordingly, the issue is waived on appeal.
 
 (People
 
 v.
 
 Gibson
 
 (1994) 27 Cal.App.4th 1466 [33 Cal.Rptr.2d 217].)
 

 Even if we consider the merits of the issue, there is clearly no constitutional violation. None of the burdens described in
 
 Collins
 
 v.
 
 Youngblood, supra,
 
 497 U.S. 37 are present here. White’s liability for payment of restitution was already clear at the original sentencing. Likewise, he was at that time liable, upon going to prison, to have deductions for a restitution fine taken from his prison wages. The statutory change permitting deductions to also be made for direct restitution in no way increases his liability for such payments nor makes the punishment for the offense more burdensome. We certainly are not of the view that a statutory change that slightly increases the chance this defendant might pay some portion of the direct restitution which was properly ordered is an “unconstitutional burden.” The statutory change was only procedural and did not violate the proscriptions against ex post facto laws. (See
 
 People
 
 v.
 
 Kwolek
 
 (1995) 40 Cal.App.4th 1521 [48 Cal.Rptr.2d 325];
 
 In re Jackson
 
 (1985) 39 Cal.3d 464, 471-472 [216 Cal.Rptr. 760, 703 P.2d 100].)
 

 Disposition
 

 The judgment is affirmed.
 

 Kremer, P. J., and McDonald, J., concurred.
 

 [1]
 

 All statutory references are to the Penal Code unless otherwise specified.
 

 [2]
 

 Since this appeal does not raise any issue regarding the facts of the underlying offense we will omit the traditional statement of facts.