Filed 5/14/13  P. v. Ramirez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F064614 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MCR039999B) |
| BENIDO RAMIREZ, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

This appeal presents the single contention that $40 of the restitution fine imposed on defendant and appellant Benido Ramirez violated the ex post facto provisions of the state and federal Constitutions. Defendant forfeited this contention by not objecting to the fine at the sentencing hearing. Accordingly, we affirm the judgment.

**FACTS AND PROCEDURAL HISTORY**

On August 30, 2010, defendant and another man took an SUV from Juan Hernandez at gunpoint. Defendant pled guilty to one count of carjacking in violation of Penal Code section 215, subdivision (a), in a plea bargain that provided for imposition of the middle term of five years in prison. (See *id*., subd. (b).) On March 15, 2012, the court sentenced defendant to five years in prison and imposed various fines and penalties, including a restitution fine of $240 pursuant to Penal Code section 1202.4, as recommended in the presentencing report. Defendant did not object to the restitution fine.

**DISCUSSION**

Penal Code section 1202.4, subdivision (b), at all relevant times has required imposition of a restitution fine in felony cases, with exceptions not relevant here. At all relevant times, the fine could not exceed $10,000. (*Ibid*.) The issue on this appeal arises because prior to January 1, 2012, the minimum restitution fine under Penal Code section 1204, subdivision (b), was $200 (see Stats. 1996, ch. 629, § 3), but thereafter— and at the time of sentencing in this case—the minimum fine was $240. (Pen. Code, § 1202.4, subd. (b).) Thus, while the fine imposed in this case was well within the statutory maximum at the time of the offense, the fine was higher than the *minimum* fine in effect at the time of the offense. Defendant contends the court intended to impose the minimum fine and erroneously exercised its discretion in doing so, adopting the higher minimum fine that was created by the Legislature after the date of commission of the crime. Defendant contends this scenario constitutes a violation of the ex post facto

provisions of the federal and state Constitutions.  (See U.S. Const., art I, § 10; Cal. Const., art. I, § 9.)

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.  [Citations.]  As the United States Supreme Court recognized in *United States v. Olano*[ (1993)] 507 U.S. [725,] 731, '"[n]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."'  [Citations.]  'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.  [Citation.]'  [Citations.]"  (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881, fn. omitted.)  The rule of forfeiture is applicable to ex post facto claims (see *People v. White* (1997) 55 Cal.App.4th 914, 917), particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing.

In the present case, if the issue had been raised at sentencing, the court could have lowered the fine to $200 if it, in fact, intended to impose the minimum permissible fine, or it could have exercised its discretion to impose a fine of $240.  Either choice would, of course, have been within the range of fines permitted by Penal Code section 1202.4, subdivision (b), as the statute existed at the time of crime, thereby obviating any possible ex post facto problem.  We conclude that by failing to object to the fine at sentencing, defendant forfeited the issue on appeal.  (See *People v. McCullough* (Apr. 22, 2013, S192513) ___ Cal.4th ___ [2013 WL 1707962 at p. *6].)

**DISPOSITION**

The judgment is affirmed.