Filed 6/5/13  P. v. Lockwood CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

NOLAN JAMES LOCKWOOD,

    Defendant and Appellant.

E056367

(Super.Ct.No. FSB901086)

**OPINION**

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Melissa Mandel and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Nolan James Lockwood induced his wife and his approximately eight-year-old nephew to have sex with each other while he watched.  The nephew so testified; he said it happened twice, and that defendant also induced them to orally copulate each

1

other.  The wife also so testified, though she said it happened only once.  Finally, defendant admitted it to the police.  Defendant also admitted downloading child pornography.

A jury found defendant guilty on two counts of nonforcible lewd acts with a child under 14 (Pen. Code, § 288, subd. (a)) and one count of possession of child pornography (Pen. Code, § 311.11, subd. (a)).  Defendant was sentenced to five years in prison, plus the usual fines and fees.

Defendant now contends:

1.  The trial court erred by failing to instruct that defendant's wife was an accomplice as a matter of law.

2.  The trial court erred by calculating the restitution fine and the parole revocation restitution fine based on the minimum fine in effect at the time of sentencing, rather than at the time of the crimes.

We find no reversible error.  Hence, we will affirm.

I

FACTUAL BACKGROUND

Defendant's nephew E.C. was 22 at the time of trial.  When he was a child, he often stayed overnight with defendant and defendant's wife April Lockwood.

E. testified to a sexual incident that occurred when he was between the ages of six and eight.  At defendant's direction, E. got on top of April and tried to have sex with her.  At the time, he believed that he had penetrated her, but as an adult, he concluded that he

2

had not been "fully capable" of penetration. Also at defendant's direction, E. then orally copulated April. Meanwhile, defendant lay in bed next to them and masturbated.

E. also testified to a second sexual incident that was substantially identical, except that it was April who orally copulated him.

In March 2009, in the course of a child pornography investigation, the police interviewed E. His statement to them was consistent with his testimony at trial, except that he did not say that April orally copulated him.

April was originally charged with the same three counts as defendant, but on the eve of trial, she pleaded guilty to a single count.

April testified that there was a single sexual incident that occurred when E. was between the ages of 8 and 10. Defendant told her that E. wanted to have sex with her. She was against it at first, but she agreed after defendant said that nobody would find out. Defendant placed E. on top of her. E. then had sex with her. She did not remember whether he penetrated her. She was crying. Defendant told E. what to do. Defendant watched and touched her breast; she did not remember if he masturbated.

April had seen defendant watch child pornography videos "several times." She was concerned because he watched more child pornography than adult pornography and also because he watched child pornography during sex with her.

In March 2009, the police interviewed April twice. The first time, she told them that she awoke to find E. on top of her. She also said that she did not remember defendant being in the room. The second time, however, her statement was essentially consistent with her testimony at trial.

When the police interviewed defendant, he initially denied that anything inappropriate had occurred. Eventually, however, he admitted that "[E.] kept bugging him to have sex with [April] so [he] took [E.] into the bedroom and . . . April . . . engaged in sexual intercourse with [E.]" Defendant said that he was "off to the side . . . fondling April's breast and masturbating."

The police found child pornography on a desktop computer and on a laptop computer; the files were associated with both defendant and April's user profiles. Defendant admitted to the police that he downloaded child pornography to his computer.

E. testified and also told police that he had told his grandmother, at least in general terms, about the sexual incidents. However, his grandmother (who was also April's mother) denied this.

## II

## FAILURE TO INSTRUCT THE JURY THAT

## DEFENDANT'S WIFE WAS AN ACCOMPLICE AS A MATTER OF LAW

Defendant contends that the trial court erred by failing to instruct that, with regard to the two lewd act counts, April was an accomplice as a matter of law.

A.    *Additional Factual and Procedural Background.*

The trial court did instruct the jury with CALCRIM No. 334, as follows:

"Before you may consider the statement or testimony of April Lockwood as evidence against Nolan Lockwood regarding the crimes of Lewd Act on a Child,[1] you must decide whether April Lockwood was an accomplice to that crime. A person is an accomplice if he or she is subject to prosecution for the identical crime charged against the defendant. Someone is subject to prosecution if:

"1. She personally committed the crime;

"AND

"2. She intended to, and did in fact, aid, facilitate, promote, encourage, or instigate the commission of the crime.

"The burden is on the defendant to prove that it is more likely than not that April Lockwood was an accomplice.

"If you decide that a witness was not an accomplice, then supporting evidence is not required and you should evaluate his or her testimony as you would that of any other witness.

"If you decide that a witness was an accomplice, then you may not convict the defendant of Lewd Act on a Minor alone.[2] You may use the testimony of an accomplice to convict the defendant only if:

---

[1] Defendant does not contend that the failure to instruct on accomplice testimony with respect to the child pornography count was error.

[2] The instruction should have stated: "If you decide that a witness was an accomplice, then you may not convict the defendant of Lewd Act on a Minor *based on his or her testimony* alone." The italicized words, however, were omitted from the written instruction. We do not know whether they were omitted from the oral instruction, because the parties stipulated that the oral instructions not be transcribed.

*[footnote continued on next page]*

5

"1. The accomplice's testimony is supported by other evidence that you believe;

"2. That supporting evidence is independent of the accomplice's testimony;

"AND

"3. That supporting evidence tends to connect the defendant to the commission of the crime[s].

"Supporting evidence, however, may be slight. It does not need to be enough, by itself, to prove that the defendant is guilty of the charged crime[s], and it does not need to support every fact about which the accomplice testified. On the other hand, it is not enough if the supporting evidence merely shows that a crime was committed or the circumstances of its commission. The supporting evidence must tend to connect the defendant to the commission of the crime.

"Any testimony of an accomplice that tends to incriminate the defendant should be viewed with caution. You may not, however, arbitrarily disregard it. You should give that testimony the weight you think it deserves after examining it with care and caution and in the light of all the other evidence."

B.      *Analysis*.

Defendant contends that the trial court should have instructed the jury with CALCRIM No. 335. This instruction is substantially identical to CALCRIM No. 334, except that it would have told the jury that April was an accomplice as a matter of law,

*[footnote continued from previous page]*

Defendant does not contend that the omission of these words from the written instruction was error.

6

and it would not have given the jury the option of deciding that she was not an accomplice.

The People concede that the trial court erred by giving CALCRIM No. 334 rather than CALCRIM No. 335. Rather than analyze the issue independently, we accept the People's concession.

The asserted error, however, was harmless under any standard. If, as defendant argues, the evidence that April was an accomplice was uncontradicted, then no reasonable juror could have found that she was not an accomplice. Accordingly, under CALCRIM No. 334, which the trial court did give, the jurors would have known to view her testimony with distrust.

The error was also harmless for a separate and alternative reason. Even a total failure to give any accomplice instructions whatsoever can be deemed harmless """. . . if there is sufficient corroborating evidence in the record." [Citation.] "Corroborating evidence may be slight, may be entirely circumstantial, and need not be sufficient to establish every element of the charged offense." [Citation.] The evidence is "sufficient if it tends to connect the defendant with the crime in such a way as to satisfy the jury that the accomplice is telling the truth." [Citation.]' [Citation.]" (*People v. McKinzie* (2012) 54 Cal.4th 1302, 1353.)

Here, April testified to a single incident in which E. had sex with her. E. himself corroborated this. Although he testified to two incidents, not just one, that certainly corroborated April's claim that it happened at least once. Moreover, defendant

7

corroborated April's testimony himself, in his statement to the police. This was more than sufficient.

## III

## THE AMOUNT OF THE RESTITUTION FINE

## AND PAROLE REVOCATION RESTITUTION FINE

Defendant contends that, in calculating the restitution fine and parole revocation restitution fine, the trial court erroneously relied on the law in effect at the time of sentencing, rather than at the time of the crimes.

A.      *Additional Factual and Procedural Background*.

The probation report recommended a restitution fine and a parole revocation restitution fine in the amount of $3,360; it did not explain how this amount was calculated.

At sentencing, the trial court sentenced defendant to five years in prison, calculated as three years (the low term) plus two years (one-third the midterm). (Pen. Code, § 288, subd. (a); see also Stats. 1995, ch. 890, § 1, p. 6777.)

The court also stated: "[T]he fines, I think it would be appropriate $1,920 each . . . . [¶] And for counsel's edification I calculated it at $240 a year. Actually, that was based on the midterm. Hold on." It then corrected itself, saying, "$1,200. Sorry."

Defense counsel did not object.

B.      *Analysis*.

Under the law in effect between 1996 and 1998, when the sexual offenses were committed, the minimum amount of a restitution fine and a parole revocation restitution

8

fine was $200; the maximum amount was $10,000.  (Pen. Code, former § 1202.4, subd. (b)(1); Stats. 1995, ch. 313, § 5, p. 1756; Stats. 1996, ch. 629, § 3, p. 3466; Stats. 1997, ch. 527, § 4, p. 3215; Pen. Code, § 1202.45.)  The same minimum and maximum were in effect in 2009, when the possession of pornography offense was committed.  (Pen. Code, former § 1202.4, subd. (b)(1); Stats. 2008, ch. 468, § 1, p. 2736.)

However, under the law as it stood in 2012, at the time of sentencing, the minimum amount was $240, although the maximum was still $10,000.  (Pen. Code, § 1202.4, subd. (b)(1); see also Stats. 2011, ch. 358, § 1, p. 3759.)

At all relevant times, the trial court was allowed — but not required — to calculate the total fine as the minimum fine "multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  (Pen. Code, § 1202.4, subd. (b)(2); see also Stats. 2011, ch. 358, § 1, p. 3759; Pen. Code, former § 1202.4, subd. (b); Stats. 1995, ch. 313, § 5, p. 1756.)

Here, it appears that the trial court was unaware that the applicable minimum fine was $200.  From its remarks, it plainly was multiplying $240, which it mistakenly believed to be the minimum, times the five-year sentence.  This was an abuse of discretion.  "[T]he trial court abuses its discretion when it bases its decision 'on impermissible factors [citation] or on an incorrect legal standard [citations].'  [Citation.]"  (*People v. Uribe* (2011) 199 Cal.App.4th 836, 858.)

Defense counsel forfeited the error, however, by failing to object.  (*People v. Scott* (1994) 9 Cal.4th 331, 353.)  The total amount of each fine was below the statutory maximum; accordingly, we cannot reach the error on the theory that the trial court

9

imposed an unauthorized sentence.  (Cf. *id*. at p. 354.)  Defendant argues that the error amounted to an ex post facto violation, but this does not prevent forfeiture.  (*People v. White* (1997) 55 Cal.App.4th 914, 917 [defendant forfeited ex post facto challenge to amount of direct victim restitution].)

We conclude that the error has not been preserved.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

KING
J.

MILLER
J.

10