Filed 11/10/14  P. v. Robles CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO VILLEGAS ROBLES,<br><br>    Defendant and Appellant. | H040968<br>(Monterey County<br>Super. Ct. No. SS131927A) |

Pursuant to a negotiated disposition, Mario Villegas Robles (defendant) pleaded no contest to one count of carrying a concealed firearm in a vehicle by a felon.  (Pen. Code, § 25400, subds. (a)(1), (c)(1).)  Defendant admitted that he had a prior conviction within the meaning of Penal Code section 1170.12, subdivision (c)(1).  In exchange for his no contest pleas, defendant was promised a maximum prison term of four years and that his *Romero*[1] motion would be heard at the time of sentencing.

Subsequently, on April 22, 2014, the court denied defendant's request to strike the prior conviction allegation and sentenced defendant pursuant to the terms of the negotiated disposition.  The court imposed the midterm of two years doubled pursuant to Penal Code section 1170.12, subdivision (c)(1).  The court imposed various fines and fees, including a $1,200 restitution fund fine (*id*., § 1202.4, subd. (b)), which the court calculated as "$300 times the number of years times the number of felony counts."

---

[1]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

The court awarded defendant 172 days of presentence custody credits—86 actual days and 86 days of conduct credits. (*Id*., § 4019.)

On the motion of the district attorney, the court dismissed several remaining charges.

Defendant filed a notice of appeal on April 28, 2014, in which he appealed from the judgment on the ground that the court had committed sentencing error.

Defendant's appointed counsel has filed an opening brief in which no issues are raised. Counsel asks this court to conduct an independent review of the record as required by *People v*. *Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal, that an independent review under *Wende* was being requested, and that defendant was notified that he could file a supplemental brief with this court.

On July 25, 2014, by letter, we notified defendant of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal. Pursuant to *People v*. *Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.)

*Facts and Proceedings Below*[2]

On September 18, 2013, at approximately 9:00 p.m., two detectives from the Monterey County Sheriff's Department were in Salinas searching for a vehicle suspected to have been involved in home burglaries; the car was being driven by an adult male.

---

[2]     The facts are taken from the probation officer's report.

The detectives saw a vehicle that matched the description of the suspect car and noticed that it did not have a front license plate.

The detectives stopped the car. The driver said his name was Mario (later identified as defendant). Defendant did not have a driver's license. He appeared nervous and was looking away from the detectives. The detectives asked defendant to get out of the vehicle, but he refused. The detectives noticed that defendant appeared to be attempting to conceal something in his lap or waist band area. Several times the detectives asked defendant to keep his hands up where they could see them; defendant did not comply. Again, he refused to get out of the vehicle and questioned the detectives as to why he was being stopped.

The detectives attempted to open the driver's side front door, but it was locked. Loudly, one detective asked the other detective who was talking to the passenger, to unlock the car doors (the passenger door was already open). Finally, defendant opened the driver's side door, but continued to conceal something in his waist band area. Defendant's right hand continuously "dipped down" toward his midriff area. Immediately the door was unlocked, the detectives opened the door and grasped defendant's hand and pulled him out of the vehicle.

For officer safety, the detectives placed defendant in handcuffs and patsearched him. Defendant pressed his right thigh area against the vehicle in an effort to conceal something. The detectives found a handgun inside defendant's right front pocket and a glass methamphetamine smoking pipe in his left front pocket. As one of the detectives cleared the gun, defendant told them that it was not loaded.

The detectives read defendant his *Miranda*[3] rights, which he acknowledged and then invoked his Fifth Amendment rights. A records check showed that defendant was

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436.

driving on a suspended license, was on probation in one case, was on bail in another, and had served a prior prison term.

The handgun confiscated from defendant was a "Glock, Model 17, 9mm," with 16 hollow point rounds in the magazine, which was inside the gun; no bullets were in the chamber. The gun was found to have been stolen during a home burglary that occurred on August 11, 2013.

The Monterey County District Attorney charged defendant with one count of carrying a concealed firearm in a vehicle by a felon (Pen. Code, § 25400, subds. (a)(1), (c)(1), count one,); one count of felon in possession of a firearm (*id*., 29800, subd. (a)(1), count two); one felony count of receiving stolen property (*id*., § 496, subd. (a), count three) and one count of driving on a suspended license (Veh. Code, § 14601.2, subd. (a), count four.) As to counts one, two, and three, the district attorney alleged that defendant was out on bail in case No. SS130850A when he committed the offenses (Pen. Code, § 12022.1); that defendant has suffered a prior conviction for assault with a firearm (*id*., § 245 subd. (a)(2)); that he had served two prior prison terms within the meaning of Penal Code section 667.5(b).

Before defendant entered his no contest plea, he executed a "WAIVER OF RIGHTS PLEA OF GUILTY/NO CONTEST" form in which he was advised of and waived his constitutional rights to a jury trial, his right to present a defense and to confront witnesses, and his right against self-incrimination.[4] Defendant was advised of the immigration consequences of his plea. Prior to taking defendant's plea the court confirmed with defendant that he had had time to talk to his attorney and that prior to signing and initialing the waiver form he had read it. The court found that there was a factual basis for the plea.

---

[4] Defendant's initials appear in the applicable boxes and his signature is on the form.

4

Upon our independent review of the record, we conclude there are no meritorious issues to be argued or that require further briefing on appeal.  Defendant received the sentence he was promised; and the record indicates that he was informed of and knowingly and intelligently waived his constitutional rights before he entered his pleas. Further, the fines and fees imposed are supported by the law and the facts.[5]

*Disposition*

The judgment is affirmed.

---

[5]    We note that it appears that to determine the amount of the restitution fine the court used the formula in Penal Code section 1202.4, subdivision (b)(2), which provides in relevant part:  "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine . . . [in defendant's case $280 at the time he committed his offense on September 18, 2013] multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  "It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions." (*People v. Souza* (2012) 54 Cal.4th 90, 143.)  Accordingly, the amount of a restitution fine is calculated as of the date of the offense.  (*Ibid.*)  Nevertheless, defendant did not object to the court using $300 as the statutory minimum and has therefore forfeited any challenge to the amount of the restitution fine by failing to object below.  The rule of forfeiture applies to ex post facto claims, particularly where the alleged error could easily have been corrected had it been timely brought to the trial court's attention.  (See *People v. White* (1997) 55 Cal.App.4th 914, 917.)  "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."  (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

5

_____

ELIA, Acting P. J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

MIHARA, J.