Filed 5/12/23  P. v. Bernal CA2/2

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD BERNAL,<br><br>    Defendant and Appellant. | B318591<br><br>(Los Angeles County<br>Super. Ct. No. KA075499) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Reversed and remanded with directions.

R. Chris Lim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Richard Bernal appeals the denial of a recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his sentence under Penal Code[1] section 1172.1.[2]  The People concede that "the case should be remanded for reconsideration in light of recent clarifications to the recall-and-resentencing statute."  We accept the People's concession and remand the matter to the superior court for a new determination on the CDCR's recommendation in accordance with the procedural requisites, considerations, and presumptions specified in section 1172.1.

## PROCEDURAL BACKGROUND[3]

In 2006, appellant pleaded guilty to one count of assault with a semiautomatic firearm (§ 245, subd. (b)) and admitted the personal use of a firearm allegation (§ 12022.5, subd. (a)).  Appellant also admitted a 1993 prior strike conviction for first degree burglary.  (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)  In accordance with the plea, appellant was sentenced to nine years in state prison, doubled to 18 years for the prior strike conviction, plus three years for the firearm enhancement, for an aggregate term of 21 years in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective January 1, 2022, Assembly Bill No. 1540 amended and moved the recall and resentencing provisions of section 1170, subdivision (d)(1) to new section 1170.03.  (Stats. 2021, ch. 719, § 3.)  Subsequently, Assembly Bill No. 200 renumbered section 1170.03 as section 1172.1 with no substantive changes.  (See Stats. 2022, ch. 58, § 9.)

[3] Because this appeal raises no issues concerning the facts of the underlying offenses, we omit a statement of facts.  (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

In a letter to the superior court dated January 27, 2021, the CDCR recommended that the court recall appellant's sentence and resentence him pursuant to former section 1170, subdivision (d)(1). On February 8, 2021, the court requested a response to the CDCR's recommendation from the Los Angeles County District Attorney's Office, but did not appoint counsel for appellant. On March 22, 2021, "[a]fter review of the court file, the [superior] court decline[d] to exercise its discretion to resentence this defendant." No parties were present, and the court stated no reason(s) for its decision.

On October 12, 2021, appellant sought leave to present relevant information in support of the CDCR's recall and resentencing recommendation and requested that the superior court state its reasons for declining to exercise its discretion to resentence appellant.[4] On November 1, 2021, the superior court denied appellant's motion on the ground that it had lost resentencing jurisdiction when it declined to recall and resentence appellant in March 2021.

After we granted relief from default for a late notice of appeal from the superior court's order of March 22, 2021, this appeal followed.

---

[4] In the declaration of counsel in support of the request, Deputy Public Defender Huey stated the superior court had appointed the Office of the Los Angeles County Public Defender to represent appellant. However, the record does not indicate when the superior court appointed counsel in these proceedings. The court's minute order denying appellant's request reflects that "defendant [was] not present in court, and not represented by counsel."

## DISCUSSION

*1. Relevant law*

Prior to January 1, 2022, "[f]ormer section 1170[, subdivision] (d)(1) authorized a trial court, at any time upon the recommendation of the Secretary [of the CDCR], to 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' " (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).) When the Legislature enacted Assembly Bill No. 1540 and moved the recall and resentencing provisions from section 1170, subdivision (d)(1) to section 1170.03, it retained the recall and resentencing language and added guidelines and procedures to be followed when the Secretary of the CDCR or other specified public official recommends recall and resentencing. (*McMurray*, at pp. 1040–1041.) Assembly Bill No. 200, which took effect June 30, 2022, renumbered section 1170.03 as section 1172.1, but made no substantive changes to the recall and resentencing provisions. (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378, fn. 2 (*Salgado*); see Stats. 2022, ch. 58, § 9.)

Assembly Bill No. 1540 added several requirements to the superior court's consideration of a recall and resentencing recommendation, including:

(1) In recalling and resentencing under section 1172.1, subdivision (a)(1), the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).)

4

(2)  "[T]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.1, subd. (a)(4).)

(3)  The superior court may not deny resentencing without a hearing at which the defendant may appear remotely or in person (§ 1172.1, subd. (a)(8)), and "[t]he court shall state on the record the reasons for its decision to grant or deny recall and resentencing."  (*Id.*, subd. (a)(6).)

In addition, where the resentencing recommendation comes from the Secretary of the CDCR, section 1172.1, subdivision (b)(1) requires the superior court to provide notice and set a status conference on the CDCR's recommendation within 30 days of receipt of the request and appoint counsel for the defendant. Finally, subdivision (b)(2) calls for "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."

We review a superior court's denial of recall and resentencing for abuse of discretion.  (*People v. Mendez* (2021) 69 Cal.App.5th 347, 353; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082 (*E.M.*).)

*2. Retroactivity*

The superior court denied recall in this case prior to the effective date of former section 1170.03 (renumbered as section

5

1172.1), which raises the question of whether section 1172.1's procedures and guidelines apply here at all. Confronted with the same question, several courts have determined that because the changes made by Assembly Bill No. 1540 were intended as clarifications of existing law, remand is appropriate for the superior court's reconsideration of the CDCR's recommendation in light of section 1172.1. (*McMurray*, *supra*, 76 Cal.App.5th at p. 1041; *E.M.*, *supra*, 85 Cal.App.5th at pp. 1089–1090; *Salgado*, *supra*, 82 Cal.App.5th at p. 381.)

The legislative history of Assembly Bill No. 1540 clearly demonstrates that the bill "was intended to 'make clarifying changes' to former section 1170[, subdivision] (d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing." (*McMurray, supra*, 76 Cal.App.5th at p. 1041; see, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended Sept. 3, 2021, p. 3 [bill clarifies Legislature's intent to "honor the significant time, thought, and effort that law enforcement agencies put into referrals"]; Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, pp. 2–3 [bill "makes clarifying changes," including requiring notice to defendant, appointment of counsel, a hearing, a statement of reasons for denying or granting recall and resentencing, and a presumption favoring recall and resentencing]; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended Apr. 22, 2021, Author's Statement, p. 4 ["The changes contained in [Assembly] Bill No.] 1540 strengthen common [procedures] to address equity

and due process concerns in how courts should handle second look sentencing requests"].)

As the court in *McMurray* reasoned, where an amendment that effectively construes and clarifies a prior statute is adopted soon after controversies over the proper interpretation of the statute have arisen, it is logical to consider the amendment as a legislative interpretation of the original law. (*McMurray*, *supra*, 76 Cal.App.5th at p. 1039.) Thus, "[w]hen a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation." (*Ibid.*; accord, *E.M.*, *supra*, 85 Cal.App.5th at pp. 1089–1090.)

      *3. Remand is necessary for reconsideration of the CDCR recommendation in compliance with section 1172.1*

It appears on the record of this case that the proceedings below failed to comport with the procedural requirements of section 1172.1. Specifically, the superior court did not provide notice or appoint counsel for appellant, it did not give the parties an opportunity to address the basis for the court's intended denial, it did not state any reasons for its decision to deny recall and resentencing, and it failed to make any finding that appellant presents a current unreasonable risk of danger to public safety in order to overcome the presumption favoring recall and resentencing, as required by section 1172.1.

As the parties agree, under these circumstances, remand to the superior court is appropriate for further proceedings in accord with the statutory framework for addressing a recommendation by the Secretary of the CDCR for recall and resentencing.

## DISPOSITION

The order denying the California Department of

Corrections and Rehabilitation Secretary's recommendation to recall appellant's 2006 sentence and to resentence him is reversed.  The matter is remanded to the superior court for reconsideration of the recommendation in light of Penal Code section 1172.1.

NOT TO BE PUBLISHED.


KWAN, J.*

We concur:


ASHMANN-GERST, Acting P. J.


HOFFSTADT, J.

---

* Judge of the Superior Court of Los Angeles County assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.