Filed 7/26/24  P. v. Mendez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE ALEX MENDEZ,<br><br>    Defendant and Appellant. | B330826<br><br>(Los Angeles County<br>Super. Ct. No. PA058263) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  David Walgren, Judge.  Reversed and remanded with directions.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jose Alex Mendez appeals the denial of a recommendation by the secretary of the California Department of Corrections and Rehabilitation (CDCR) for recall and resentencing under Penal Code[1] section 1172.1.[2]  He contends the trial court abused its discretion by declining to strike his sentence enhancements without consideration of the applicable mitigating circumstances enumerated in section 1385, subdivision (c)(2)'s new guidelines. (Senate Bill No. 81 (Stats. 2021, ch. 721, § 1).)  The People agree that remand to the trial court is necessary, but not because the court erred in failing to apply section 1385, subdivision (c)(2). Rather, respondent asserts that the trial court abused its discretion by applying an incorrect legal standard in declining to recall appellant's sentence, leaving the original final judgment undisturbed.  The People therefore contend that the matter should be remanded for the trial court to apply the correct standard under section 1172.1 in determining whether to recall appellant's sentence pursuant to the CDCR's recommendation.

We agree with respondent and remand to permit the trial court to apply the proper standard in determining whether to recall appellant's sentence, as set forth in section 1172.1,

---

[1] Undesignated statutory references are to the Penal Code.

[2] In 2019 the CDCR made its recommendation for recall and resentencing pursuant to section 1170, subdivision (d)(1). Assembly Bill No. 1540 (Stats. 2021, ch. 719, §§ 1–7, effective Jan. 1, 2022) moved the recall and resentencing provisions of section 1170, subdivision (d)(1) to new section 1170.03.  (*People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.)  Effective June 30, 2022, Assembly Bill No. 200 (Stats. 2022, ch. 58, § 9) renumbered section 1170.03 as section 1172.1, without substantive change. (*Ibid.*)

subdivision (b)(2).  Should the trial court recall appellant's sentence on remand, the court is further directed to apply the considerations set forth in section 1385, subdivision (c)(2), in making its determination of whether dismissal of any of the enhancements would be in furtherance of justice.

## PROCEDURAL[3] BACKGROUND

In 2008, appellant was convicted by a jury of 12 counts of second degree robbery (§ 211) and one count of attempted second degree robbery (§§ 664/211), with findings of personal weapon use on 12 of the 13 counts (§ 12022.53, subd. (b)).  Appellant's sentence of 60 years 4 months consisted of 13 years 8 months on the 13 counts of conviction, plus 46 years 8 months on the weapon enhancements.  This court affirmed the judgment in *People v. Mendez* (Jul. 21, 2010, B214453 [nonpub. opn.]), rejecting appellant's claim on appeal that the sentence was excessive.

In 2019, the secretary of the CDCR notified the trial court it was authorized to modify appellant's sentence by striking one or more of the firearm enhancements pursuant to section 12022.53, subdivision (h).  The secretary recommended a recall of appellant's sentence and resentencing in accordance with section 1172.1 (former section 1170, subdivision (d)).  The trial court denied the CDCR recommendation without providing the parties notice or an opportunity to be heard.  On appeal, we reversed and remanded with instructions to allow the parties to submit briefing and supplement the CDCR's recommendation with

---

[3] Because this appeal raises no issues concerning the facts of the underlying offenses, we omit a statement of facts.  (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

additional relevant information.  We further directed the trial court, upon receipt of this information, to exercise its discretion whether to recall appellant's sentence.

The trial court conducted a hearing on April 28, 2023. Following argument, the trial court again declined to recall appellant's sentence, declaring that recall and resentencing would not be in the interest of justice.

## DISCUSSION

### I.  Remand Is Required to Permit the Trial Court to Apply the Correct Standard Under Section 1172.1 to the Decision of Whether to Recall the Sentence

Appellant contends the trial court abused its discretion and prejudicially erred by declining to dismiss the enhancements without giving due consideration to the mitigating factors enumerated under section 1385, subdivision (c)(2), subparagraphs (A) through (I).  The People counter that because the trial court refused to take the first step of recalling appellant's sentence, the court had no occasion to resentence appellant or exercise its discretion to dismiss one or more of the firearm enhancements based on any applicable mitigating factors.  (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [under former § 1170, subd. (d), resentencing occurs only after "the sentence and commitment have validly been recalled"].) Nevertheless, according to respondent, although the trial court did not abuse its discretion in failing to apply the new sentencing factors under section 1385, subdivision (c)(2), the court erred by applying the wrong legal standard to its decision not to recall the sentence.  Remand is therefore necessary for the trial court to determine whether to recall appellant's sentence pursuant to the

4

CDCR's recommendation by applying the correct standard under section 1172.1. We agree.

A. *The trial court's ruling*

After hearing argument from the parties, the trial court noted that appellant was not a youthful offender, but "a 36-year-old grown man on felony probation when he committed these crimes, terroriz[ing] a community for 48 days at least." The court observed that the jury had found under section 12022.53, subdivision (b) that appellant personally used a gun in each of these crimes. In recounting "the magnitude of this crime spree," the court also emphasized that these were 13 separate violent acts, during which appellant often threatened the victims with injury or death. The court stated that appellant was convicted on all charges after denying any involvement in the crimes, and the trial court, after hearing all the evidence, exercised its discretion in sentencing appellant to 60 years 4 months in prison. Finally, the court observed that despite the lengthy sentence, the CDCR had determined appellant would be eligible for parole in February 2027, after serving only about 18 years of his sentence.

The trial court commended appellant for his good behavior in prison and for "taking advantage of the education programs and the positive programming that the prison system offers." Nevertheless, the court explained, "I still have to determine is this in the interest of justice where 13 people were literally threatened with and in fear of being murdered if they didn't turn over the money or property requested." The court concluded, "[Appellant] received a just sentence that reflects the heinous nature of the crimes that occurred over 48 days. Again, if he served the entire 60 years, that is about four and a half years per armed robbery where people literally felt they were about to be

5

murdered. [¶] Based on all that, the court finds it would clearly not be in the interest of justice to recall and resentence [appellant]. The court declines to follow the recommendation of the secretary of the CDCR, and the court denies the 1172.1 motion to recall and resentence [appellant]."

B.  *The trial court abused its discretion by applying an incorrect legal standard when it declined to recall appellant's sentence and consider striking the enhancements*

We review the trial court's decision not to recall a sentence under section 1172.1 for abuse of discretion. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) A court abuses its discretion when it bases its decision on impermissible factors or applies an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

Section 1172.1, subdivision (a)(1) authorizes a court, "at any time upon the recommendation of the secretary [of the CDCR] . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 ["The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction' "].) Subdivision (b)(2) further provides that where the recall and resentencing request originates from the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2); *People*

6

*v. Pierce, supra*, 88 Cal.App.5th at p. 1078.)  As our Supreme Court has explained, " ' "unreasonable risk of danger to public safety" means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of' section 667, subdivision (e)(2)(C)(iv).  (§ 1170.18, subd. (c).)  The cited subdivision of section 667 identifies eight types of particularly serious or violent felonies, known colloquially as 'super strikes.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 351.)

In declining to recall appellant's sentence pursuant to the CDCR recommendation in this case, the trial court made no finding that appellant "currently poses an unreasonable risk of danger to public safety."  Instead, after describing the facts of the case, emphasizing that the sentence properly reflected "the heinous nature of the crimes," and commending appellant on his progress in prison, the court declared its duty to determine if recall and resentencing is "in the interest of justice."  The court went on to conclude that, "based on the totality of circumstances," recall and resentencing in this case "would be contrary to justice."

By failing to find appellant currently poses an unreasonable risk of danger to public safety, the trial court abused its discretion by applying an erroneous legal standard to deny recall and resentencing.  Remand is necessary to permit the trial court to apply the correct standard in determining whether recall and resentencing is warranted in appellant's case.

## II.  Should the Trial Court Recall the Sentence on Remand, It Must Then Determine Whether to Dismiss Any of the Enhancements by Applying the Section 1385, Subdivision (c)(2) Guidelines

In addition to the presumption in favor of recall and resentencing where the CDCR has made a recommendation to

the court (§ 1172.1, subd. (b)(2)), section 1172.1 also provides that "[t]he court, in recalling and resentencing under this subdivision, shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2); see *People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1040 [Assembly Bill No. 1540 "clarifie[d] the required procedures including that, when recalling and resentencing, the court 'shall . . . apply any changes in law that reduce sentences or provide for judicial discretion' "].)

Effective January 1, 2022, Senate Bill No. 81 added subdivision (c) to section 1385 to provide: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."[4] (§ 1385, subd. (c)(2); see *People v. Sek* (2022) 74

---

[4] Section 1385, subdivision (c)(2) identifies nine mitigating circumstances in subparagraphs (A) through (I):

Cal.App.5th 657, 674 [Sen. Bill No. 81 "amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements . . . in the interest of justice"].) The statute specifically defines " 'Endanger public safety' " to mean "there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2); Stats. 2021, ch. 721.)

---

"(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed.

"(D) The current offense is connected to mental illness.

"(E) The current offense is connected to prior victimization or childhood trauma.

"(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

"(G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H) The enhancement is based on a prior conviction that is over five years old.

"(I) Though a firearm was used in the current offense, it was inoperable or unloaded."

9

In the instant case, if the trial court recalls appellant's sentence on remand, section 1172.1, subdivision (a)(2) compels the court to observe section 1385, subdivision (c)(2)'s guidelines in considering whether to resentence appellant and dismiss one or more of the enhancements.

## DISPOSITION

The order denying the California Department of Corrections and Rehabilitation's recommendation to recall appellant's sentence and resentence him is reversed. The matter is remanded to the trial court with directions to reconsider the recommendation in accordance with the requirements of Penal Code section 1172.1.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



ASHMANN-GERST, J.



CHAVEZ, J.