Filed 11/19/24  P. v. Lopez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PEDRO LOPEZ,<br><br>    Defendant and Appellant. | F086961<br><br>(Super. Ct. No. VCF325028TT)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

This appeal follows the partial reversal of a judgment against Pedro Lopez (defendant) by the California Supreme Court in *People v. Lopez* (2022) 12 Cal.5th 957,

---

\*Before Peña, Acting P. J., Smith, J. and De Santos, J.

and by this court in *People v. Lopez* (2022) 82 Cal.App.5th 1.  Defendant now asserts a claim of postremand sentencing error, which is appropriately conceded by the People.  The judgment will be modified accordingly.

## DISCUSSION

The facts underlying defendant's convictions are detailed in *People v. Lopez, supra*, 82 Cal.App.5th at pages 7 through 10.  We incorporate the summary by reference, but it is not relevant to the issues in this appeal.  A "traditional statement of facts" is therefore unnecessary.  (*People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

Defendant's case was severed from a larger prosecution of dozens of people.  He was charged with conspiracy to commit "home invasion robbery" (Pen. Code, §§ 182, subd. (a)(1), 211, 213, subd. (a)(1)(A); counts 19 & 162); participation in a "criminal street gang conspiracy" to commit the same target offense (§ 182.5; count 20); possession of a firearm by a convicted felon (§ 29800, subd. (a)(1); count 156); unlawful possession of ammunition (§ 30305, subd. (a)(1); count 160); and "attempted home invasion robbery" (§§ 664, 211, 213, subd. (a)(1)(A); count 163).  (Capitalization omitted.)  Each offense was alleged to be gang related under a former version of section 186.22, subdivision (b).

Counts 19, 20, and 162 were alleged to be punishable by an indeterminate life term under Penal Code section 186.22, subdivision (b)(4).  Defendant was further alleged to have suffered a prior strike and prior serious felony conviction (§§ 667, subds. (a)(1), (b)–(i), 1170.12).  A firearm enhancement was pleaded pursuant to section 12022.53, *but the People did not submit the allegation to the jury*.

Defendant was convicted as charged (except for the firearm enhancement) and sentenced to 35 years to life in prison plus a consecutive determinate term of 19 years.  At the original sentencing hearing, the prosecutor informed the trial court that the Penal Code section 12022.53 enhancement "was not sought" and "should be stricken."  The

original judgment was affirmed in part and reversed in part by this court in *People v. Lopez* (2020) 46 Cal.App.5th 505 (*Lopez I*).

The California Supreme Court granted review to determine the legality of defendant's life sentence. It concluded Penal Code section 186.22, subdivision (b)(4), does not apply to conspiracy convictions and the superior court had thus "erred in sentencing [defendant] to an indeterminate life term under that provision." (*People v. Lopez*, *supra*, 12 Cal.5th at pp. 975–976.) The case was transferred back to this court "with instructions to remand for resentencing." (*Id*. at p. 976.) In a footnote, this court was told to also consider the impact of Assembly Bill No. 333 (2021–2022 Reg. Sess.), which was enacted subsequent to the decision in *Lopez I*. (12 Cal.5th at p. 976, fn. 12.)

In *People v. Lopez*, *supra*, 82 Cal.App.5th 1, the cause was reevaluated in light of Assembly Bill No. 333. The disposition was as follows: "Count 162 is reversed for insufficient evidence. Count 20 and all enhancement findings under section 186.22, subdivision (b), are reversed but subject to retrial. Defendant's sentence is ordered vacated and the matter is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed." (82 Cal.App.5th at p. 25.)

The People elected not to retry count 20 or any of the gang allegations. Defendant was resentenced to an aggregate prison term of 18 years four months. The sentence was calculated using the middle term of six years for count 19, which was doubled because of the prior strike, plus consecutive terms of 16 months for count 156 (one-third of the middle term, doubled for the strike) and five years for the prior serious felony conviction. The trial court imposed and stayed sentences for counts 160 and 163. The punishment for count 163 was said to include a stayed 10-year enhancement under Penal Code section 12022.53.

Defendant filed a timely notice of appeal. In March 2024, his appellate counsel sent a letter to the trial court regarding the erroneous imposition of a Penal Code section 12022.53 enhancement. Because the error affected the calculation of his time credits, he

3.

requested "that the abstract of judgment and [sentencing] minutes be corrected to reflect [the credits to which he is entitled] and by deleting the reference to a firearm enhancement."

On April 12, 2024, the trial court filed an amended abstract of judgment. Defendant's time credits were updated, but the abstract still reflected the imposition of an enhancement pursuant to Penal Code section 12022.53. In the respondent's brief, the People concede we "should strike the firearm enhancement and order an amended abstract of judgment to be issued."

We accept the People's concession. Although pleaded in the charging document, the firearm enhancement allegation was not found true because it was never submitted to the jury. The allegation was effectively dismissed for lack of prosecution. Imposition of the unadjudicated enhancement constitutes an unauthorized sentence that may be corrected by this reviewing court. (See *People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Scott* (1994) 9 Cal.4th 331, 354.)

## DISPOSITION

The enhancement imposed pursuant to Penal Code section 12022.53 is ordered stricken from the judgment. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modification and forward a certified copy of the same to the Department of Corrections and Rehabilitation.