Filed 5/22/25  P. v. Sinegal CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELTWAN REGIS SINEGAL,<br><br>    Defendant and Appellant. | B335188<br><br>(Los Angeles County<br>Super. Ct. No. TA127221) |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Reversed and remanded.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Stefanie Yee, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Eltwan Regis Sinegal (defendant) appeals the trial court's summary denial of a recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his sentence under what is now Penal Code section 1172.1.[1]  As the People concede, this summary denial was error. We accordingly reverse and remand for proceedings consistent with the requirements of section 1172.1.

## PROCEDURAL BACKGROUND[2]

In October 2013, defendant entered an open plea of no contest to one count of second degree robbery (§ 211) and one count of attempted second degree robbery (§§ 664, 211). Defendant also admitted that his 2003 conviction for criminal threats (§ 422) and his 2005 conviction for robbery (§ 211) qualified as prior "strikes" under our State's Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)) as well as prior

---

[1]     Section 1172.1 was previously codified in section 1170, subdivision (d)(1) and section 1170.03.  (Stats. 2021, ch. 719, § 3.1; Stats. 2022, ch. 58, § 9.)

All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Because this appeal raises no issues concerning the facts of the underlying offenses, we omit a statement of facts.  (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

2

serious felonies (§ 667, subd. (a)). The trial court imposed a prison sentence of 15 years on the second degree robbery count, comprised of a base sentence of five years plus two consecutive five-year terms for the two prior serious felonies, and struck both "strike" allegations; the court imposed a concurrent two-year sentence on the attempted robbery count.

On November 28, 2022, CDCR sent a letter to the trial court pursuant to section 1172.1 recommending defendant's sentence be recalled and that the court resentence him in light of an intervening change in the law granting trial courts the discretion to strike the five-year enhancements for prior serious felonies. Along with its letter, CDCR sent a summary of the offenses for which defendant was committed to state prison, defendant's criminal and parole history, and a description of his conduct in prison.

On the very same day, the trial court summarily denied the recommendation without appointing counsel for defendant or holding a hearing on the recommendation. The court justified the denial based on defendant's "multiple violations of parole and in custody violations" as well as its desire to preserve "the People's deal" (even though it was an open plea).

After we granted relief from default for a late notice of appeal from the superior court's order of November 28, 2022, this appeal followed.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying CDCR's recommendation without appointing him counsel or holding a hearing. Consistent with the People's concession, we also conclude the court erred.

Upon CDCR recommending recall and resentencing, section

3

1172.1 obligates the court to notify defendant of the recommendation (§ 1172.1, subd. (b)(1)), appoint counsel (*ibid.*), set a status conference (*ibid.*), conduct a hearing absent a stipulation to the contrary (*id.*, subds. (a)(8)(A) & (a)(9)), presume that relief shall be granted unless "the defendant currently poses an unreasonable risk of danger to public safety" (*id.*, subd. (b)(2)), and issue an order explaining the reasons for its decision (*id.*, subd. (a)(7)). In summarily denying CDCR's recommendation in this case, the trial court took none of these steps.

Because the court did not adhere to the requirements of section 1172.1, we must reverse and remand for the court to do so. (E.g., *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040-1041.)

## DISPOSITION

The court's order summarily denying CDCR's recommendation is reversed, and the matter is remanded for proceedings in accordance with section 1172.1. We express no opinion on whether defendant would be entitled to the recommended relief upon remand.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, P. J.
HOFFSTADT

4

We concur:

_____, J.
MOOR

_____, J.
KIM (D.)