Filed 9/25/24  P. v. Miller CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DUSTIN LEON MILLER,<br><br>Defendant and Appellant. | F087122<br><br>(Super. Ct. No. CRF43303)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

Defendant Dustin Leon Miller appeals from a September 7, 2023 judgment of the Tuolumne County Superior Court. He contends the dismissal of an on-bail enhancement (Pen. Code,[1] § 12022.1) is mandated by section 1385, subdivision (c)(2)(B)–(C), added by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81) (Stats. 2021, ch. 721, § 1). We disagree and affirm the judgment.

## BACKGROUND[2]

At a February 23, 2015 sentencing hearing for five cases involving defendant, the trial court imposed an aggregate term of 28 years and 8 months:

In case No. CRF43470, defendant received four years doubled to eight years pursuant to the Three Strikes law (§ 667, subds. (b)–(i)) for possession of methamphetamine in jail (§ 4573.6).

In case No. CRF43303, defendant received eight months doubled to 16 months pursuant to the Three Strikes law (§ 667, subds. (b)–(i)) for possession of methamphetamine for sale (Health & Saf. Code, § 11378) plus three years for a prior drug conviction (*id.*, § 11370.2, subd. (c)). He also received a concurrent 180 days for possession of a device used for smoking a controlled substance (*id.*, former § 11364.1, subd. (a)).

In case No. CRF43353, defendant received a concurrent one year for possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).

In case No. CRF44734, via plea agreement, defendant received eight months doubled to 16 months pursuant to the Three Strikes law (§ 667, subds. (b)–(i)) for willful

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] "Since this appeal does not raise any issue regarding the facts of the underlying offense[s,] we will omit the traditional statement of facts." (*People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

failure to appear in court (§ 1320.5) plus two years for an on-bail enhancement (§ 12022.1).

In case No. CRF44915, defendant received three years doubled to six years pursuant to the Three Strikes law (§ 667, subds. (b)–(i)) for witness intimidation in furtherance of a conspiracy (§ 136.1, subd. (c)(2)) plus two years for an on-bail enhancement (§ 12022.1) and five years for a prior serious felony conviction (§ 667, subd. (a)(1)).

On appeal, our court struck the section 667, subdivision (a)(1) enhancement in case No. CRF44915.  (*People v. Miller* (Mar. 24, 2017, F071115) [nonpub. opn.].)  An amended abstract of judgment filed July 28, 2017 reflected an aggregate sentence of 23 years 8 months.

On April 10, 2023, the trial court issued an ex parte order setting a resentencing hearing.  On August 28, 2023, defendant filed a petition for resentencing.  He argued (1) the Health and Safety Code section 11370.2 enhancement in case No. CRF43303 should be stricken in view of Senate Bill No. 180 (2017–2018 Reg. Sess.) (Stats. 2017, ch. 677, § 1) and Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 2); (2) the on-bail enhancement in either case No. CRF44734 or case No. CRF44915 should be dismissed in view of Senate Bill No. 81; and (3) the aggravated eight-year term in case No. CRF43470 should be reduced to the middle term in view of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3).

At a September 7, 2023 resentencing hearing, the trial court (1) agreed with the parties the Health and Safety Code section 11370.2 enhancement in case No. CRF43303 should be stricken; (2) believed it "does not have the ability to unwind a negotiated plea" and refused to strike the on-bail enhancement in case No. CRF44734; (3) found "no good cause to strike" the on-bail enhancement in case No. CRF44915; and (4) found "ample support for an aggravated sentence" in case No. CRF43470.  Following the hearing, the court ordered the dismissal of the Health and Safety Code section 11370.2, subdivision

(c) enhancement.  An amended abstract of judgment filed September 19, 2023, reflected an aggregate sentence of 20 years 8 months.

## DISCUSSION

### I.    Statutory language

"Prior to January 1, 2022, section 1385 provided trial courts with discretion to dismiss sentencing enhancements in the interest of justice.  The statute did not provide direction as to how courts should exercise that discretion.  In October 2021 the Legislature passed and the Governor signed Senate Bill No. 81 . . . , which, effective January 1, 2022, amended section 1385 to provide guidance regarding the exercise of discretion in dismissing sentencing enhancements."  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238, review granted Apr. 19, 2023, S278786 (*Anderson*).)

Senate Bill No. 81 added subdivision (c) to section 1385 (Stats. 2021, ch. 721, § 1), which reads in pertinent part:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.  [¶] . . . [¶]

> "(B) Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed.

> "(C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed."  (Accord, *Anderson*, *supra*, 88 Cal.App.5th at pp. 238–239, rev. granted.)

## II.    Analysis

On appeal, defendant contends the on-bail enhancement in case No. CRF44915 must be vacated pursuant to section 1385, subdivision (c)(2)(B) and (C).  He specifically claims use of the word "shall" in this subdivision mandates dismissal.  Defendant recognizes this argument has been rejected several times by the Courts of Appeal, including our own.  (See *People v. Mazur* (2023) 97 Cal.App.5th 438, rev. granted Feb. 14, 2024, S283229; *People v. Cota* (2023) 97 Cal.App.5th 318 (*Cota*); *People v. Mendoza* (2023) 88 Cal.App.5th 287; *Anderson*, *supra*, 88 Cal.App.5th 233, rev. granted; *People v. Lipscomb* (2022) 87 Cal.App.5th 9; *People v. Walker* (2022) 86 Cal.App.5th 386, affd. (2024) 16 Cal.5th 1024.)  He further "acknowledges this Court is likely to follow its only recently published opinion" in *Cota*.  Indeed, we adhere to *Cota*.

"The meaning of the phrase 'shall be dismissed' in section 1385, subdivision (c)(2)(B) [and (C)] is a question of statutory interpretation.  'The proper interpretation of a statute is a question of law we review de novo.  [Citations.]  " ' " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  We begin by examining the statute's words, giving them a plain and commonsense meaning.' " ' "  [Citation.]  " '[W]e look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . .  [Citation.]"  [Citation.]  That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .'  [Citation.]"  [Citation.]  We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." ' " '  [Citation.]  'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.'  [Citation.]"  (*Cota*, *supra*, 97 Cal.App.5th at p. 335.)

"As the court in *Anderson* aptly explained:  [¶]  'If we were to read section 1385, subdivision (c)(2)(B) and (C), in isolation, then [the defendant's] argument would appear

correct—use of the term "shall" in a statute is generally mandatory, not permissive. However, "we are not permitted to pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the ' " 'context of the statute as a whole.' " ' " [Citation.] Here, the statement that a court "shall" dismiss certain enhancements appears as a subpart to the general provision that a "court shall dismiss an enhancement *if* it is in furtherance of justice to do so." [Citation.] In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice. The nature of this condition is further explained by the Legislature's directive that the court, while "exercising its discretion under this subdivision, . . . shall consider and afford great weight" to evidence of certain factors, and proof of one of the factors "weighs greatly" in favor of dismissal "unless" the court finds dismissal would endanger public safety. [Citation.] This language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal." (*Cota*, *supra*, 97 Cal.App.5th at pp. 335–336, fn. omitted.)

" 'It is within these boundaries that section 1385 states the court "shall" dismiss all but one enhancement and/or enhancements resulting in a sentence of more than 20 years. The dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety. . . . [I]f we were to read subdivision (c)(2)(B) and (C) as mandatory, then the existence of those factors "would not 'weigh greatly' in favor of dismissal—it would weigh *dispositively*." [Citation.] In addition, "[t]hat construction would also require us to accept that our Legislature . . . opted to embed that mandate as an addendum to one of nine mitigating factors to be given great weight in the context of a trial court's discretionary decision whether to dismiss. In other words, if our Legislature

6.

was trying to implement a rule of mandatory and automatic dismissal, it picked a very circuitous way to do so." ' [Citations.]" (*Cota*, *supra*, 97 Cal.App.5th at pp. 336–337.)

"Moreover, interpreting section 1385, subdivision (c)(2)(B) [and (C)] as mandatory would give 'no effect to the clause "unless the court finds that dismissal of the enhancement would endanger public safety." ' [Citation.] Additionally, [the] defendant's interpretation of the statute would require a court to dismiss an enhancement beyond a single enhancement, even when doing so would endanger public safety. [Citation.] Canons of statutory interpretation require us to reject this interpretation, inasmuch as it would render portions of the statute surplusage and would lead to an absurd result. [Citation.]" (*Cota*, *supra*, 97 Cal.App.5th at p. 337.)

Based on the foregoing, we conclude the plain language of the statute as a whole presents no ambiguity. The phrase "shall be dismissed" as used in section 1385, subdivision (c)(2)(B) and (C) does not require dismissal of an enhancement when doing so would not be in the interest of justice or would endanger public safety. (Accord, *Cota*, *supra*, 97 Cal.App.5th at p. 337; see *People v. Johnson* (2002) 28 Cal.4th 240, 244 ["If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction."].)

## DISPOSITION

The judgment is affirmed.