Filed 11/25/24  P. v. Jasso CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GIOVANNI THOMAS JASSO,<br><br>    Defendant and Appellant. | F087607<br><br>(Super. Ct. No. BF169286C)<br><br><br>**OPINION** |

THE COURT\*

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

\*Before Hill, P. J., Peña, J. and Smith, J.

Giovanni Thomas Jasso (defendant) appeals from an order denying a petition for resentencing under Penal Code section 1172.6. (All undesignated statutory references are to this code.) His appellate counsel found no arguable issues and filed an opening brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. Defendant filed a supplemental brief.

Defendant is ineligible for section 1172.6 relief as a matter of law based on the date of his conviction. Although the trial court arguably erred by denying his petition without allowing briefing by the parties, such error was plainly harmless. The order will be affirmed.

## PROCEDURAL HISTORY

A summary of the underlying facts is provided in *People v. Montano* (2022) 80 Cal.App.5th 82. We incorporate the summary by reference but it is not relevant to the issues in this appeal. A "traditional statement of facts" is therefore unnecessary. (*People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

In December 2017, defendant and two codefendants were jointly charged with first degree murder (§§ 187, 189; count 1) and unlawful participation in a criminal street gang (§ 186.22, subd. (a); count 2). Count 1 included special-circumstance allegations of lying in wait (§ 190.2, subd. (a)(15)) and murder committed to further the activities of a criminal street gang (*id*., subd. (a)(22)). Firearm and gang enhancement allegations were also included. (§§ 186.22, subd. (b), 12022.53, subds. (d), (e)(1).) Variations in the firearm allegations implied that codefendant Juan Montano was the actual killer.

The case went to trial in early 2019. On March 29, 2019, a jury found defendant guilty on both counts and made true findings on all factual allegations except for the gang special circumstance. On May 1, 2019, defendant was sentenced to life in prison without the possibility of parole. His murder conviction and life sentence were affirmed by this court in *People v. Montano*, *supra*, 80 Cal.App.5th 82. The California Supreme Court denied review, and this court's remittitur issued on October 20, 2022.

2.

On December 8, 2023, defendant filed a petition for resentencing under section 1172.6. In filling out the form petition, defendant wrote "2019" in a space designated for identifying the year of conviction. He also checked a box to request the appointment of counsel. At a hearing held one week later, on December 15, 2023, the trial court granted the request for counsel. The appointed counsel was present at the hearing and requested time to review the case file, specifically the jury instructions. The trial court responded as follows:

> "At this time the request for continuance is denied. Per the Court's records the conviction in this case was rendered 3/29/19. Therefore [defendant] is not eligible for resentencing pursuant to Penal Code Section 1172.6 by failing to meet the criteria under [subdivision] (a)(3). Pursuant to this section[,] [to be] eligible for resentencing, there must be a finding that [defendant] could not presently be convicted of murder or attempted murder because of the changes to Penal Code Sections 188 or 189 [made] effective 1/1/2019. The fact that [defendant] was convicted after the date removes him from eligibility. [Defendant] has filed a facially invalid Petition, and therefore the Petition is dismissed …."

Defendant filed a timely notice of appeal and requested the appointment of appellate counsel, which was granted. In June 2024, appointed counsel filed an opening brief in accordance with *People v. Delgadillo*, *supra*, 14 Cal.5th 216. (See further discussion, *post*.) On June 24, 2024, this court notified defendant in writing of his right to file a supplemental brief raising any issues he believed were reasonably arguable. On July 24, 2024, defendant filed a supplemental brief.

As best we understand defendant's arguments, he contends the trial court erred by summarily denying his petition without requiring the prosecutor to file a responsive brief or allowing his attorney below the opportunity to research and argue the dispositive issues. We further understand defendant to be contending his prima facie eligibility is not determined by the year in which he was convicted (2019), but rather the year in which the crime was committed (2017) or the charging document was filed (also 2017).

3.

The following procedures apply to an appeal from the denial of a section 1172.6 petition. "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) As earlier noted, these procedures were followed in this appeal.

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We thus turn to defendant's specific contentions.

"Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017– 2018 Reg. Sess.) (Senate Bill No. 1437). This amended both the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. [Citation.] Senate Bill No. 1437 also added Penal Code former section 1170.95, now renumbered as section 1172.6. This created a procedural mechanism for those convicted under the former law to seek retroactive relief," i.e., resentencing. (*People v. Reyes* (2023) 97 Cal.App.5th 292, 295, fn. omitted.)

The resentencing process under section 1172.6 begins with the filing of a petition alleging three prerequisite circumstances. One is that a charging document "was filed against the petitioner that allowed the prosecution to proceed under a theory of felony

4.

murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime …." (§ 1172.6, subd. (a)(1).) Another is that the petitioner "could not presently be convicted of murder … because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(3).)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*People v. Strong* (2022) 13 Cal.5th 698, 708, quoting § 1172.6, subd. (c).) "[I]f the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3).) "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served." (*Id.*, subd. (c).)

In short, "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [a] prima facie determination." (*People v. Lewis* (2021) 11 Cal.5th 952, 966.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Id.* at p. 971.) Any procedural errors made during these steps are subject to a harmless error analysis. (See *id.* at p. 973; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892 ["a trial court's statutory omissions at the first step of the section 1172.6 process are not state or federal constitutional violations"].)

In *People v. Reyes*, *supra*, 97 Cal.App.5th 292, this district held that defendants who are convicted of murder after the effective date of Senate Bill No. 1437, i.e., January 1, 2019, are categorically ineligible for relief under section 1172.6. (*Reyes*, at

pp. 296, 298–299.)  The *Reyes* appellant was ineligible for two distinct reasons.  First, the information charging him with murder was filed in the year 2020.  He was thus incapable of showing the charging document "allowed the prosecution to proceed under a theory of murder liability that is now invalid."  (*Id*. at p. 298, citing § 1172.6, subd. (a)(1).)  Second, the appellant's conviction in the year 2021 precluded a finding in his favor under section 1172.6, subdivision (a)(3).  (*Reyes*, at p. 298.)  As previously noted, subdivision (a)(3) requires that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  At the time of the *Reyes* appellant's conviction, "the now invalid theories of murder liability had already been eliminated."  (*Reyes*, at p. 298.)

We are not aware of any contrary authority to the *Reyes* holding.  Therefore, even assuming the trial court erred by denying defendant's petition without allowing briefing or additional proceedings, the error was undoubtedly harmless.  As defendant admitted in his own petition, he was convicted in 2019.  Senate Bill No. 1437's changes to the Penal Code had already gone into effect, and "the now invalid theories of murder liability had already been eliminated."  (*People v. Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.