Filed 6/30/25  P. v. Shelmon CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337753 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA062504) |
| v. | |
| MARLON LONQUANE SHELMON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Appeal dismissed.

Law Offices of John F. Schuck and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Sophia A. Lecky, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

In 2023, Marlon Lonquane Shelmon (defendant) repeatedly moved the trial court to correct his 2004 sentence, claiming he was awarded the incorrect amount of custody credits. The trial court filed an amended abstract of judgment in January 2025. In this appeal, defendant asserts the trial court erroneously failed to award him 70 days of presentence conduct credit that he earned between 2001 and 2003. Because the trial court lacked jurisdiction to consider defendant's post-judgment motions to recalculate his custody credits (*People v. Boyd* (2024) 103 Cal.App.5th 56 (*Boyd*)) and because their recalculation involves numerous factual issues, we dismiss the appeal for lack of jurisdiction without prejudice to defendant filing a petition for a writ of habeas corpus in the trial court.

### FACTS AND PROCEDURAL BACKGROUND[1]

Following a 2002 jury verdict finding defendant guilty of two counts of attempted premeditated murder (Pen. Code, §§ 187, 664, subd. (a))[2] as well as true findings on allegations that he personally discharged a firearm causing great bodily injury (§

---

[1] Because this appeal raises no issues concerning the facts of the underlying offenses, we omit a statement of facts. (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

[2] All further statutory references are to the Penal Code unless otherwise indicated.

12022.53, subd. (d)), that he committed these crimes for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)), and that his 1999 conviction for assault with a deadly weapon constituted a prior serious felony (§ 667, subd. (a)) for which he served a prior prison term (§ 667.5, subd. (b)), the trial court on January 31, 2003 sentenced defendant to prison for 45 years to life. At that sentencing, the trial court calculated that defendant had served 467 days in local custody prior to sentencing, and accordingly awarded him 70 days of presentence conduct credit (calculated as 15 percent of 467 days). Defendant appealed, and we affirmed his convictions, but remanded for resentencing to correct sentencing errors. (*People v. Shelmon* (Feb. 17, 2004, B164961) [nonpub. opn.].)

In July 2004, at resentencing on remand, the trial court imposed a sentence of life imprisonment on each of the attempted murder counts with a parole eligibility date of 15 years, plus a consecutive term of 25 years to life for the firearm enhancement, and ran the two sentences concurrently. The court also imposed a consecutive five-year term for the prior serious felony conviction. The court carried forward its initial calculation of 467 days of actual presentence custody and 70 days of presentence conduct credit.

In July 2023, defendant filed a motion pursuant to Penal Code section 1237.1 seeking a correction of the record, and filed a supplemental motion in February 2024. On March 12, 2024, the trial court denied the motions, and defendant filed a timely notice of appeal.

In December 2024, while this appeal was pending, defendant filed a "Motion to Calculate Actual Custody Credits; Motion to Correct Abstract of Judgment." (This motion is not

included in the record on appeal, so it is unclear precisely what defendant was seeking to correct.)  The trial court held a hearing on January 7, 2025, and issued a new abstract of judgment on January 22, 2025, which omitted the previously awarded amount of 70 days of presentence conduct credits.

## DISCUSSION

We must dismiss this appeal for lack of jurisdiction.  A trial court lacks "fundamental jurisdiction to consider [a defendant's] freestanding motion" to correct errors in sentencing credits for a sentence that has "long been . . . final." (*Boyd*, *supra*, 103 Cal.App.5th at pp. 61, 71; *People v. Gonzalez* (2025) 108 Cal.App.5th 741, 751; accord, *People v. King* (2022) 77 Cal.App.5th 629, 637 [unauthorized sentence doctrine "does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence"].)  That principle applies here, as defendant has filed several freestanding motions to correct the sentencing credits set forth in a 2004 abstract of judgment.  And because the trial court lacked jurisdiction to entertain defendant's motions, we lack jurisdiction to entertain an appeal from those motions. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Because the trial court lacked jurisdiction . . . the appeal must be dismissed"].)[3]

Although we have the discretion to construe defendant's appeal of orders denying his freestanding motions as a petition for a writ of habeas corpus addressed to this court, we will generally exercise that discretion only when the issues presented

---

[3]     Because we dismiss for lack of jurisdiction on this ground, we need not address whether we also lack jurisdiction because the March 2024 notice of appeal does not challenge the subsequently issued January 2025 abstract of judgment.

4

are "purely legal." (*Boyd*, *supra*, 103 Cal.App.5th at pp. 71-72.) Here, however, the proper calculation of defendant's custody credits entails several factual issues, such as:

    -- The proper calculation of the number of days of presentence conduct custody. The parties seem to accept as true the trial court's initial calculation of 467 days of actual custody credit. However, the probation report indicates defendant was arrested on October 31, 2001, and was initially sentenced on January 31, 2003; this would yield 457 days of actual custody credit, which would mean that the presentence conduct credits—calculated at 15 percent of the actual custody credit due to the violent nature of the felonies at issue (§§ 4019, subds. (a)(1), (b) & (c), 2933.1, subds. (a) & (c); *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395)—would come to 68 days (rather than the 70 days calculated by the trial court in 2003).

    -- The proper calculation of the number of days of actual custody between the date of arrest (on October 31, 2001) and the date that credits were calculated for the January 2005 abstract of judgment (on January 7, 2025). (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012; § 2900.1.) That comes to 8,469 days of actual custody credit. However, the parties here only calculate the actual custody credits from the date of the 2004 resentencing on remand, which deprives defendant of many years of actual custody credit.

We accordingly decline to exercise our discretion to construe defendant's appeal as a writ of habeas corpus, but do so without prejudice to defendant filing a petition for such a writ before the trial court, which is better equipped to fill in the gaps in the record and address the fact-bound calculations we have

5

identified above (plus any others that may surface).

**DISPOSITION**

Defendant's appeal from the order of March 12, 2024 is dismissed for lack of jurisdiction without prejudice to defendant filing a petition for a writ of habeas corpus in the trial court.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.

HOFFSTADT

We concur:


_____, J.

MOOR


_____, J.

KIM (D.)